**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

No. 03-4178

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

BOBBY ANTOINE SUTTON,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Jerome B. Friedman, District
Judge.  (CR-02-65)

———————

Submitted:  January 30, 2004      Decided:  February 12, 2004

———————

Before WILLIAMS, KING, and SHEDD, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Stephen J. Weisbrod, WEISBROD & PHILIPS, P.C., Hampton, Virginia,
for Appellant.  Paul J. McNulty, United States Attorney, Laura M.
Everhart, Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

A jury convicted Bobby Antoine Sutton of possession with intent to distribute cocaine base (Count One), in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (2000), and possession of a firearm in furtherance of a drug trafficking crime (Count Two), in violation of 18 U.S.C. § 924(c)(1) (2000). Sutton appeals his conviction on Count Two, alleging that the district court erred in denying his motion for judgment of acquittal under Fed. R. Crim. P. 29.[*] We affirm.

Sutton contends that the evidence was insufficient to support his § 924(c) conviction. He argues that the evidence did not show that the firearm seized by police was his or that there was a nexus between the drug trafficking and the gun. We review the district court's decision to deny a motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). Where, as here, the motion was based on sufficiency of the evidence, "[t]he verdict of the jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942). We "have defined 'substantial evidence,' in the context of a criminal action, as that evidence

---

[*]Sutton does not challenge his possession with intent to distribute cocaine base conviction. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (noting that issues not briefed or argued are deemed abandoned).

- 2 -

which 'a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'" United States v. Newsome, 322 F.3d 328, 333 (4th Cir. 2003) (quoting United States v. Burgos, 94 F.3d 849, 862-63 (4th Cir. 1996) (en banc)). In evaluating the sufficiency of the evidence, we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government. United States v. Romer, 148 F.3d 359, 364 (4th Cir. 1989).

To establish illegal possession of a firearm in violation of § 924(c), the government must prove that the defendant knowingly possessed a firearm in furtherance of a crime of violence or drug trafficking crime. Viewing the evidence in the light most favorable to the government and resolving all contradictions in the testimony in favor of the government, we find that the evidence showed that Sutton possessed the firearm in question. We have construed the "in furtherance of" provision of § 924(c) to require "the government to present evidence indicating that the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir.), cert. denied, 537 U.S. 1031 (2002). Our review of the record convinces us that the jury heard sufficient evidence to find Sutton guilty of this offense.

Accordingly, we affirm Sutton's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED